**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

---

## AMENDED ANSWER

---

      Defendant Eleven Creative Services ("11Creative" or "Defendant") by and through their undersigned counsel, hereby answers Plaintiff Andrew Colwell's ("Colwell" or "Plaintiff") Complaint as follows:

### NATURE OF THE ACTION

1.     Deny.

### JURISDICTION AND VENUE

2.     Admit.

3.     Admit.

4.     Admit.

### PARTIES

5.     11Creative lacks sufficient knowledge to admit or deny the statements in this paragraph and therefore denies the same.

6.  11Creative denies that it is a foreign business corporation and the
place of business address contained in this paragraph, and admits the
remaining statements in this paragraph. 11Creative's principal place of
business is 15795 W. 94th Ave. Arvada, CO 80007.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7.  Admit.

8.  11Creative admits that the photos attached hereto appeared in the
referenced The Know article and that Colwell's name was featured in
a gutter credit identifying him as the photographer of these
Photographs. 11Creative denies that Colwell has sole ownership
these photographs and is without sufficient knowledge to admit or
deny if the article is a true and correct copy of the article and
therefore denies the remaining statements in this paragraph.

9.  Deny.

10.  11Creative is without sufficient knowledge to admit or deny and
therefore denies the same.

**B.  Defendant's Infringing Activities**

11.  Admit.

12.  Deny.

## CLAIM I

13.  11Creative hereby restates its responses above as fully set

forth in paragraphs 1-12.

14.    Deny.

15.    Deny.

16.    Deny.

17.    Deny.

## CLAIM II

18.    11Creative hereby restates its responses above as fully set

forth in paragraphs 1-17.

19.    Admit.

20.    Deny.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

26.    Plaintiff's Complaint fails to state a claim upon which relief may be

granted.

### Second Affirmative Defense (Fair Use)

27.    Plaintiff's claims are barred in whole or in part by the doctrine of fair

use per 17 U.S.C. §§ 106.

### Third Affirmative Defense (License)

28.   Plaintiff's claims are barred in whole by a license to use the

photographs in question in any manner.

### Fourth Affirmative Defense (No Standing)

29.   Plaintiff lacks standing to assert claims in the Complaint, to the extent

he has failed to demonstrate that he is the owner of the copyrighted

photos.

### Fifth Affirmative Defense (Estoppel)

30.   Plaintiff's claims are barred by the doctrine of Estoppel.

### Sixth Affirmative Defense (Laches)

31.   Plaintiff's claims are barred by the doctrine of Laches.

### Seventh Affirmative Defense (Failure to Mitigate)

32.   Without any admission by 11Creative that Plaintiff suffered injury in

any way, to the extent that Plaintiff did suffer injury, his claims are

barred in whole or in part because Plaintiff failed to use reasonable

means to prevent the alleged damages and failed to use reasonable

means to mitigate his damages. At no point did Defendant even

receive a cease and desist letter, let alone a phone call to discuss the

ownership of the photograph.

### Eighth Affirmative Defense (No Damages)

33.   Plaintiff's claims fail as he has not suffered any damages.

### Ninth Affirmative Defense (No Statutory Damages and Attorney's Fees)

34.   Plaintiff's prayer for statutory damages and attorney's fees under

federal law are barred to the extent there is no actionable intent or

infringement on behalf of 11Creative.

### Tenth Affirmative Defense (False Claims)

35.   Plaintiff's claims fail because they are false claims. Defendant is a co-

owner of the copyright for the photographs depicted pursuant to the

oral agreement between the parties.

### Eleventh Affirmative Defense (Unjust Enrichment)

36.   Plaintiff's prayer seeks damages that would unjustly enrich the Plaintiff.

Plaintiff already received payment for use of the photograph also

owned by Defendant by The Denver Post, and received free entry and

tickets for food and drink to the Defendant's private event paid for by

the Defendant.

### Twelfth Affirmative Defense (Unclean Hands)

37.   The claims are barred by the doctrine of unclean hands, Plaintiff is

barred by contract from asserting ownership rights in a copyright

equally owned by the Defendant.

### Thirteenth Affirmative Defense (Reservation of Rights to Add Defenses)

38.   11Creative reserves the right to assert additional defenses upon

discovery and further information regarding Plaintiff's claims.

WHEREFORE, Defendant 11Creative prays:

1.      That Plaintiff Colwell take nothing by his Complaint and for judgment in
favor of 11Creative and against the Plaintiff;

2.      That the Plaintiff's Complaint be dismissed with prejudice;

3.      That 11Creative be awarded their costs of suit, including reasonable
attorney's fees based on its frivolity and the lack of mitigation of any
damages or costs or expenses; and

4.      That this Court order such other and further relief in 11Creative's favor
as the Court may find just and proper.


**ELEVEN CREATIVE SERVICES LLC'S COUNTERCLAIM**

Defendant 11Creative hereby asserts the following Counterclaim against
Plaintiff Andrew Colwell:

**Parties**

1.      Upon information and belief, Colwell is a professional photographer
having a usual place of business at 369 South Pennsylvania Street,
Denver, CO 80209.

2.      11Creative is a Limited Liability Company organized under the laws of
Colorado with a principal place of business at 15795 W. 94th Ave.
Arvada, CO, 80007.

**Background**

3.    11Creative is in the business of organizing and promoting multiple
popular live events throughout Colorado including the Denver Mac &
Cheese Festival, the Mile High Beer Festival, and the Denver Mini
Derby.

4.    11Creative events are elaborate and require creativity and ingenuity to
create. Each event is private and creates an experience coveted by its
customers.

5.    Upon information and belief, Plaintiff Colwell was hired by The Denver
Post to photograph the 2017 Denver Mini Derby event.

**Statement of Facts**

6.    On or about May 6, 2017, the annual Mini Derby private event took
place. This event is created, designed, and orchestrated by 11Creative.

7.    Upon arrival to the event, Plaintiff identified himself to 11Creative staff
members as a photographer hired by The Denver Post and requested
a pass in order to gain admission and photograph the private event.

8.    It is standard practice for Co-Founding Partner Patrick Culligan of
11Creative to directly speak with any photographer seeking entrance
into any 11Creative event and require co-ownership of the photos prior
to allowing the photographer entrance into the event. (See Exhibits A,
B, E, F and G, Affidavits of Patrick Culligan, Lacey Spruce, Alexis
Alvis, Selene Locke and Jillian Becker.)

9.      Further, it is standard industry practice for owners of events only to
allow photographers entrance into their events if the rights to the
photographs of their event are shared. (See Exhibits C and D, Affidavit
of Matthew Horton and Declaration of Emily Salberg.)

10.     As corroborated by several witnesses, Co-Founding Partner Patrick
Culligan greeted Plaintiff Colwell at the registration table and began a
conversation regarding the terms of Plaintiff Colwell's admission to the
event, requiring ownership of any photographs taken at the event.
(See Exhibits A, E and F, Affidavits of Patrick Culligan, Alexis Alvis
and Selene Locke.)

11.     During said conversation, Plaintiff Colwell agreed that, in exchange for
a complimentary VIP/Media all-access pass and multiple drink
vouchers, 11Creative would own the photographs taken of their  event
for future marketing and other promotional purposes. (See Exhibit  A,
Affidavit of Patrick Culligan.)

12.     After the Plaintiff verbally confirmed that he understood the verbal
contract, Mr. Culligan then gave the Plaintiff a tour of the grounds,
including private/secured areas accessible only to staff members and
holders of valuable VIP/Media passes.

13.     The value of the VIP passes provided by 11Creative to the Plaintiff is
valued upwards of $200-$350 dollars.

14.     Had Plaintiff refused to provide 11Creative with the rights to the

photographs, Mr. Culligan would not have allowed Plaintiff entrance into the event, nor allowed the Plaintiff to photograph the event. (See Exhibits A and B, Affidavits of Patrick Culligan and Lacey Spruce.)

15. Upon information and belief, Plaintiff received payment by The Denver Post for its use of the photographs, that were artistically directed by Mr. Culligan and taken of 11Creative's event.

16. During the course of said tour, Mr. Culligan, in his capacity as Co-Founder and Partner of 11Creative, shared the event timeline and contributed to the production of the photographs in question by giving the Plaintiff his artistic opinion on where and when the best shooting locations, including angles, product placement and background information were, providing so much direction as to where the Plaintiff should stand and at what time in order to capture a particular work of human artistry during the event. (See Exhibits A and D, Affidavit of Patrick Culligan and Declaration of Emily Salberg.)

17. Mr. Culligan directed the Plaintiff on where and when to stand to take the best dressed photograph specifically in order to have that photograph for future marketing purposes.

18. In the days following the event, pursuant to their agreement with the Plaintiff, 11Creative obtained copies of the photographs from The Denver Post's The Know website for future use.

19. On or around May 9, 2017, Eleven Creative, as owners of the

photographs shared the photographs via their social media platforms, and in late fall of 2017, 11Creative posted the photographs on their https://www.denverminiderby.com/ website to promote the 2018 Mini Derby event.

20.     11Creative posted the photographs in question immediately after the event, well before the photographs were registered with the U.S. Copyright Office.

21.     The photographs were registered without listing 11Creative as a Co-Owner of the photographs, contrary to the agreement between the Plaintiff and the Defendant.

22.     The photographs on the Denver Post website posted by Plaintiff intentionally and knowingly did not list 11Creative in the gutter credits contrary to the agreement between the Plaintiff and the Defendant.

23.     On October 30, 2018, almost two years following the alleged infringement, and without a cease and desist letter or any other effort to resolve the situation with the 11Creative, Plaintiff filed the Complaint with this court.

24.     As soon as 11Creative was served the complaint on December 3, 2019, 11Creative removed the photographs from all social media and outlets and the Denver Mini Derby website.

25.     Shortly after filing the Complaint, Plaintiff's counsel spoke over the phone with 11Creative Co-Founder and Partner Mr. Culligan and

attempted to intimidate him into agreeing to an unreasonable settlement.

26.    Upon information and belief, this lawsuit is part of a mass-litigation strategy on the part of Plaintiff's counsel, whose firm has filed 16 similar low value copyright infringement cases in this district alone since August of 2018, and hundreds more in multiple other federal district courts.

27.    Plaintiff's counsel's litigation strategy appears to be to threaten Defendants with the expenses and burden of litigation in order to force them into pre-trial settlements before they retain counsel regardless of the merits of the case.  See <u>Janik v. SMG Media,</u> Inc., 2018 U.S. Dist. LEXIS 4567, at *6 (S.D.N.Y. Jan. 10, 2018).

### COUNTERCLAIM COUNT I
### (FRIVOLOUS LAWSUIT)

28.    11Creative incorporates by reference the allegations contained in paragraphs 1-28 of this Counterclaim as is fully set forth herein.

29.    Plaintiff's claims are both untrue and frivolous. To establish a prima facie case of copyright infringement, the Plaintiff must show that he is the sole owner of the photographs in question, and that he did not license 11Creative the right to use the photographs.

30.    On May 6, 2017, per the facts stated above, Plaintiff entered into an agreement with 11Creative, giving 11Creative ownership rights to the photographs taken of 11Creative's Mini Derby event in exchange for

entrance to the private event and drink tickets and the ability to
photograph the event from secure backstage and private areas.

31.    The agreement between 11Creative and the Plaintiff at the very least
establishes a full license to use and artistically alter the photographs
without the use of any copyright management information, or further
payment.

32.    On October 30, 2018, after being fairly compensated for his work and
knowing that 11Creative had the rights to use the photographs based
on their agreement, Plaintiff filed this frivolous lawsuit in bad faith
requesting damages that well exceed the value of the photographs
taken.

**COUNTERCLAIM COUNT II**
**(False Representation 17 U.S.C § 506(e))**

33.    11Creative incorporates by reference the allegations contained in
paragraphs 1-32 of this Counterclaim as is fully set forth herein.

34.    Upon information and belief, Plaintiff intentionally and knowingly made
false representations in its application for copyright registration VA 2-
103-830, by not listing 11Creative as a claimant of rights in the two
photographs, which includes the two photographs attached to the
Complaint as Exhibit C.

35.    11Creative Services is entitled to collect a fine up to $2,500 for the
Plaintiff's false representations.

WHEREFORE, based on the forgoing, 11Creative respectfully requests that this

Court:

1.    Enter judgment in favor of 11Creative and against the Plaintiff;

2.    Award 11Creative its damages, reasonable attorney's fees and costs

arising out of this matter; and

3.    Award such other and further relief in 11Creative's favor as the Court

may find just and proper.

**JURY DEMAND**

11Creative hereby requests a trial by jury on its above
Counterclaim.

Dated: March 1, 2019

s/ Jessie L. Pellant
***Jessie L. Pellant***
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
Attorney for Defendant Eleven Creative Services LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2019, I electronically filed the forgoing AMENDED ANSWER and COUNTERCLAIM with the Clerk of Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

s/ Jessie L. Pellant
**Jessie L. Pellant**
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
Attorney for Defendant Eleven Creative Services LLC

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

---

## CULLIGAN AFFIDAVIT

---

I, Patrick Culligan, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Declaration. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

2. I am a Co-Founding Partner of Eleven Creative Services LLC (11Creative) and I submit this Declaration in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

3. On May 6, 2017, I was working the guest and media/press check-in booth for the 2017 Mini Derby, greeting and meeting with vendors, attendees and members of the press.

4. On May 6, 2017, Plaintiff identified himself to me as a photographer from The Denver Post and requested a complimentary media pass, access to the private/secure venue, and multiple drink tickets.

5. It is standard practice of 11Creative to trade access to events in exchange for use

of the photographs, as the photographs are of our private event and I use them for marketing purposes. When speaking with all photographers, I will always ask if 11Creative can use the photos taken at the event for future marketing and other purposes, just as I did in this case with Mr. Colwell.

6. I then allowed the Plaintiff into the event with drink tickets based on the condition that they were provided in exchange for the right to use the photos taken by Mr. Colwell for future marketing and other purposes. Plaintiff Colwell confirmed that he understood and agreed to the trade.

7. After agreeing to allow 11Creative the right to use the photos, I walked Mr. Colwell around the premises, showed him all aspects of the event, discussed the best shooting locations and described event timeline in order for Mr. Colwell to capture certain moments that I wanted photographs of for marketing purposes.

8. Based on my communications with Mr. Colwell, it was understood that 11Creative was also an owner of the photographs that were to be taken of our private event and that the photographs would be used by 11Creative for future marketing purposes.

9. It is standard practice of 11Creative not to provide/allow complimentary access to photographers and/or members of the media without an agreement allowing 11Creative to use the photographs taken of the private event.

Signed: _Pat Culligan_

Printed Name: _Patrick Culligan_

Title: _Owner - CO-Founder_

Company: _Eleven Creative Services LLC_

Cell: _901-270-0121_

Office: _720-500-3409_

Email: _Patrick @ 11Creative.co_

Sworn to before me this _1_ day of _March_ _____, 2019

Patrick Culligan

[NAME]
[Notary Public] Max

State of **Colorado**

County of Jefferson

MAX ANTHONY LAYNE II
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174016543
MY COMMISSION EXPIRES APRIL 17, 2021

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

---

## SPRUCE AFFIDAVIT

---

I, Lacey Spruce, being duly sworn, deposes and says:


    1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.


    2. I am a Co-Founding Partner of Eleven Creative Services LLC (11Creative) and I submit this Affidavit in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.


    3. On May 6, 2017, I was working the guest and media/press check-in booth for the 2017 Mini Derby and witnessed Co-Founding Partner of 11Creative Patrick Culligan speaking with multiple members of the media.


    4. At every 11Creative event, Patrick Culligan and I instruct all employees and volunteers to inform Patrick Culligan when a member of the media arrives so that he can discuss the conditions of their complimentary admission to paid private events.


    5. It is standard practice of 11Creative to trade access to events in exchange for use

of the photographs, as the photographs are of our private event and we use them for marketing purposes. When speaking with all photographers, Patrick Culligan and/or I will always ask if 11Creative can use the photos taken at the event for future marketing and other purposes

6. It is standard practice of 11Creative not to provide/allow complimentary access to photographers and/or members of the media without an agreement allowing 11Creative to use the photographs taken of the private event.

Signed: _____

Printed Name: Lacey Spruce

Title: Co-founder

Company: 11 Creative / Eleven Creative Services, LLC

Cell: 310-703-2715

Office: 720-500-3409

Email: lacey@11creative.co

Sworn to before me this 1 day of March _____, 2019

Lacey Spruce
[NAME]
[Notary Public] Max f
State of Colorado
County of Jefferson

MAX ANTHONY LAYNE II
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174016543
MY COMMISSION EXPIRES APRIL 17, 2021

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

     Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

     Defendant.

---

### HORTON AFFIDAVIT

---

I, Matthew Horton, being duly sworn, deposes and says:

    1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

    2. I am an independent professional photographer and I submit this Affidavit in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

    3. In May 2018, Patrick Culligan of 11Creative supplied me with an all-access media pass and well as two extra tickets to the 2018 Mini Derby. I understood that the access I was provided was in leu of monetary payment for the rights of any photographs I took while attending the private event.

    4. In my experience as a professional event photographer, I have found it to be common practice in the industry to trade access to events in exchange for the rights to the photographs taken of the event.

Signed: _____

Printed Name: _Matthew Horton_

Title: _____

Company: _____

Cell: _205-546-0203_

Office: _____

Email: _bamaguy25@gmail.co_

Sworn to before me this _1_ day of _March_ _____, 2019

_____
[NAME]
[Notary Public]

                        Colorado

LAUREN PARKER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164009485
MY COMMISSION EXPIRES MAR. 8, 2020

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

     Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

     Defendant.

---

SALBERG DECLARATION

---

I, Emily Salberg, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am an independent contractor in charge of Strategic Partnerships for Eleven Creative Services LLC (11Creative), and I submit this Declaration in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

3. On May 6, 2017, I attended the 2017 Mini Derby in my capacity as a blog writer with The Collaboration Blog.

4. During the 2017 Mini Derby, I was asked by 11Creative Co-Founder Lacey Spruce to pose for multiple photographs taken by the Plaintiff. During this photo shoot, I witnessed Mr. Culligan direct the Plaintiff on how to take the photos, including angles to shoot poses, and product placement (specifically Red Bull cans).

5. I have worked in the events industry for more than 10 years both as a member of

the press and an event management independent contractor, and I attest that it is
standard practice in the industry to trade access to events in exchange for ownership of
photographs taken at private events.


6. I have never witnessed or heard about a photographer or press/media member
being given complimentary access to a private event without an agreement allowing the
event holder to use the photographs taken at the private event.


Signed: *Emily Salberg*

Printed Name: Emily Salberg

Title: Independent Contractor

Company: _____

Cell: 303-717-3452

Office: _____

Email: emily.salberg@gmail.com

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

     Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

     Defendant.

---

## ALVIS AFFIDAVIT

---

I, Alexis Alvis, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

2. I am an independent contractor for Eleven Creative Services LLC (11Creative) and I submit this Affidavit in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

3. On May 6, 2017, I was working the guest and media/press check-in booth for the 2017 Mini Derby and witnessed Co-Founding Partner of 11Creative Patrick Culligan speaking with Plaintiff Andrew Colwell prior to allowing Plaintiff access to the event.

4. I have worked multiple events for 11Creative and it is standard practice of 11Creative to trade access to events in exchange for services and the rights to any photographs taken of the event.

5. At every event I have worked for 11Creative, all independent contractors and

Scanned with CamScanner

volunteers working for the event are instructed to inform Patrick Culligan when a member of the media arrives so that he can discuss the conditions of their complimentary admission to paid private events.

6. When speaking with photographers at events, Patrick will always discuss the best shoot locations and event schedule, as well as ask and confirm that 11Creative can use the photos taken at the event for future marketing and other purposes.

7. I have worked multiple events for 11Creative and have never witnessed or heard about a photographer or press/media member being given complimentary access to an event without an agreement giving 11Creative ownership and use rights of any photographs taken at the private event.

Signed: _____

Printed Name: _Alexis Alvis_____

Title: _____

Company: _____

Cell: _402 651 6100_____

Office: _____

Email: _lexie.alvis@gmail.com____

Sworn to before me this _1_ day of _March_____, 2019

_____
[NAME]
[Notary Public]

Colorado

```
TERI GIMER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194001375
MY COMMISSION EXPIRES 01/11/2023
```

**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

_____

## LOCKE AFFIDAVIT

_____

I, Selene Locke, being duly sworn, deposes and says:

1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

2. I am an independent contractor for Eleven Creative Services LLC (11Creative) and I submit this Affidavit in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

3. On May 6, 2017, I was an Intern working the guest and media/press check-in booth for the 2017 Mini Derby and witnessed Co-Founding Partner of 11Creative Patrick Culligan speaking with Plaintiff Andrew Colwell prior to allowing Plaintiff access to the event.

4. I have worked multiple events for 11Creative and it is standard practice of 11Creative to trade access to events in exchange for services and the rights to any photographs taken of the event.

5. At every event I have worked for 11Creative, all independent contractors and volunteers working for the event are instructed to inform Patrick Culligan when a member of the media arrives so that he can discuss the conditions of their complimentary admission to paid private events.

6. When speaking with photographers at events, Patrick will always discuss the best shoot locations and event schedule, as well as ask and confirm that 11Creative can use the photos taken at the event for future marketing and other purposes.

7. I have worked multiple events for 11Creative and have never witnessed or heard about a photographer or press/media member being given complimentary access to an event without an agreement giving 11Creative ownership and use rights of any photographs taken at the private event.

Signed: _____

Printed Name: Selene Locke

Title: Contractor

Company: 11 Creative

Cell: 720 - 548 - 7712

Office: 720 - 514 - 7265

Email: selenemarya @ gmail. com

State of Colorado County of Arapahoe
Sworn to before me this 1st day of March _____, 2019

_____
[NAME]
[Notary Public]

Colorado

JOHN HERSHEY
Notary Public
State of Colorado
Notary ID # 20154035365
My Commission Expires 09-08-2019

**EXHIBIT G**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

      Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

      Defendant.

---

BECKER AFFIDAVIT

---

I, Jillian Becker, being duly sworn, deposes and says:

    1. I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

    2. I am an independent contractor for Eleven Creative Services LLC (11Creative) and I submit this Affidavit in support of 11Creative's defense that 11Creative orally secured an agreement with the Plaintiff, providing Plaintiff with a complimentary full access media pass to the 2017 Mini Derby (including drink vouchers) in exchange for ownership of, and the right to use, any photographs taken at the paid private event for future marketing and other purposes.

    3. On May 6, 2017, I was working under contract with 11Creative as the Event Director for the 2017 Mini Derby.

    4. I have worked multiple events for 11Creative and it is standard practice of 11Creative to trade access to events in exchange for services and the rights to any photographs taken of the event.

    5. At every event I have worked for 11Creative, including the 2017 Mini Derby, all independent contractors and volunteers working for the event are instructed to inform

Patrick Culligan when a member of the media arrives so that he can discuss the conditions of their complimentary admission to paid private events.

6. When speaking with photographers at events, Patrick will always discuss the best shoot locations and event schedule, as well as ask and confirm that 11Creative can use the photos taken at the event for future marketing and other purposes.

7. I have worked multiple events for 11Creative and have never witnessed or heard about a photographer or press/media member being given complimentary access to an event without an agreement giving 11Creative ownership and use rights of any photographs taken at the private event.

Signed: _X Beck._

Printed Name: Jillian Becker

Title: Event Director

Company: BeePro Group

Cell: 970.333.0013

Office: 970.333.0013

Email: x Becker.co323@gmail.com

Sworn to before me this 1st day of _March_, 2019

_____
[NAME]
[Notary Public]

Colorado

Traci Ann Gasper
Notary Public - Minnesota
My Commission Expires 1/31/2020