# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ANDREW COLWELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | 1:18-cv-2784-CMA-STV |
| ) | |
| ) | |
| ELEVEN CREATIVE SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ANSWER TO
## DEFENDANT'S COUNTERCLAIM

Plaintiff Andrew Colwell ("Plaintiff" or "Colwell"), by and through his undersigned counsel, as and for his Answer to Defendant Eleven Creative Services LLC ("Defendant" or "11Creative")'s counterclaim, hereby alleges as follows:

## COUNTERCLAIM

1. Plaintiff admits the allegations contained in Paragraph 1 of the Counterclaim.

2. Plaintiff admits the allegations contained in Paragraph 2 of the Counterclaim.

3. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Counterclaim and therefore denies.

4. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Counterclaim and therefore denies.

5. Plaintiff denies the allegations contained in Paragraph 5 of the Counterclaim.

6. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Counterclaim and therefore denies.

7. Plaintiff denies the allegations contained in Paragraph 7 of the Counterclaim.

8. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Counterclaim and therefore denies.

9. Plaintiff denies the allegations contained in Paragraph 9 of the Counterclaim.

10. Plaintiff denies the allegations contained in Paragraph 10 of the Counterclaim.

11. Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaim.

12. Plaintiff denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Counterclaim and therefore denies.

14. Plaintiff denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Plaintiff denies the allegations contained in Paragraph 15 of the Counterclaim.

16. Plaintiff denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Counterclaim and therefore denies.

19. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Counterclaim and therefore denies.

20. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Counterclaim and therefore denies.

21. Plaintiff admits that the photographs were registered without listing 11Creative as a Co-Owner of the photographs but denies that any co-ownership agreement exists and denies that 11Creative is a Co-Owner of the photographs.

22. Plaintiff admits that the photographs on the Denver Post website did not list 11Creative in the gutter credits but denies that any co-ownership agreement exists and denies that 11Creative is a Co-Owner of the photographs.

23. Plaintiff admits the allegations set forth in paragraph 23 of the Counterclaim.

24. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Counterclaim and therefore denies.

25. Plaintiff denies the allegations set forth in paragraph 25 of the Counterclaim except admits that Plaintiff initiated a settlement demand via counsel after the complaint in this action was filed.

26. Plaintiff denies the allegations set forth in paragraph 26 of the Counterclaim and avers that Plaintiff has a constitutional and statutory right to

prosecute copyright infringement claims of any value to the full extent of the law in order to deter infringement and vindicate the public interest.

27.     Plaintiff denies the allegations set forth in paragraph 27 of the Counterclaim and avers that Plaintiff has a constitutional and statutory right to prosecute copyright infringement claims of any value to the full extent of the law in order to deter infringement and vindicate the public interest.

## Counterclaim Count I

28.     Plaintiff repeats and re-answers paragraphs 1-27 of the Counterclaim as if fully set forth herein.

29.     Plaintiff denies the allegations of paragraph 29 of the Counterclaim which set forth nothing more than legal conclusions.

30.     Plaintiff denies the allegations of paragraph 30 of the Counterclaim.

31.     Plaintiff denies the allegations of paragraph 31 of the Counterclaim.

32.     Plaintiff denies the allegations of paragraph 32 of the Counterclaim except admits that this lawsuit was filed on October 30, 2018.

## Counterclaim Count II

33.     Plaintiff repeats and re-answers paragraphs 1-32 of the Counterclaim as if fully set forth herein.

34.     Plaintiff denies the allegations of paragraph 34 of the Counterclaim.

35.     Plaintiff denies the allegations of paragraph 35 of the Counterclaim.

## PRAYER FOR RELIEF

The Prayer for Relief constitutes legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Defendant is entitled to any relief on its counterclaims in this action.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

## SECOND AFFIRMATIVE DEFENSE

**(Objective Reasonableness of Plaintiff's Claim)**

Plaintiff's claim for copyright infringement is objectively reasonable as to the merits given that he is the rightful copyright owner of the work at issue and that Defendant actually copied without Plaintiff's authorization.

## THIRD AFFIRMATIVE DEFENSE

**(Good Faith Motivation Behind Plaintiff's Claim)**

Plaintiff's claim for copyright infringement is motivated by good faith because infringement actions serve to vindicate the public interest by ensuring a fully functioning licensing market exists for photographs and other protected materials.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, NY
       March 25, 2019

                                        **/s/richardliebowitz/**
                                        Richard Liebowitz
                                        LIEBOWITZ LAW FIRM, PLLC
                                        11 Sunrise Plaza, Ste. 305
                                        Valley Stream, NY 11580
                                        (516) 233-1660

                                        *Attorney for Plaintiff Andrew Colwell*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below, a copy of the PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM was served on all parties in the forgoing matter via electronic mail properly addressed as follows:

This 25th day of March, 2019.

Jessie L. Pellant
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com

*Attorney for Defendant Eleven Creative Services*

/s/richardliebowitz/
Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660