**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

    Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

    Defendant.

---

**MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

---

Defendant Eleven Creative Services, LLC ("11Creative") by and through its undersigned counsel, hereby submits this Motion for Award of Attorneys' Fees and Costs pursuant to Fed. R. Civ. P. 54(d)(2), D.C.Colo.LCivR 54.3, and 17 U.S.C. § 505. Defendant 11Creative requests an award of attorneys' fees, costs and expenses in the amount of $26,448.25 incurred through midday August 11, 2019. Defendant 11Creative reserves the right to submit a supplemental motion for any later fees or costs.

## Certificate of Compliance with D.C.COLO.LCivR 7.1(a)

Counsel for moving party has conferred with opposing counsel regarding this Motion and opposing counsel has indicated they will oppose.

## Background

On October 30, 2018 the Plaintiff filed the above entitled action for copyright infringement against 11Creative without a phone call or cease and desist letter prior to filing. Plaintiff filed this action for copyright infringement after entering into both a verbal and written license agreement with 11Creative, but he simply "forgot" he had entered into the agreements. Co-founder of 11Creative, Patrick Culligan reached out to the Plaintiff in an effort to resolve any confusion and discuss the merits of the case. Mr. Culligan also discussed the case with opposing counsel making it clear that litigation was not necessary directly following the filing of the action and his discussion with the Plaintiff. But it was not until after the deposition and hard evidence was disclosed that the Plaintiff voluntarily dismissed the action against 11Creative.

On August 1, 2019, Plaintiff Andrew Colwell voluntarily dismissed all claims in the above entitled copyright action against Defendant 11Creative. The Plaintiff's dismissal of the action with prejudice legally makes Defendant 11Creative the prevailing party for the purpose of awarding attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## Legal Authority

"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[T]he Tenth Circuit, like the majority of federal courts has ruled that a plaintiff's

dismissal of its complaint renders the defendant is the prevailing party for purposes of costs. *Capitol Records, Inc. v. Foster*, 2006 U.S. Dist. LEXIS 96349, at 13 (W.D. Okla. July 13, 2006). Citing *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021,* 69 F.3d 456, 457 (10th Cir. 1995); *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir. 1990); 10 C. Wright, A. Miller and M. Kane, <u>Federal Practice and Procedure</u> § 2667 (3rd ed. 1998). "As the prevailing party [a defendant] is eligible for an award of attorneys' fees pursuant to § 505 of the Copyrights Act." *Id* at 14. "[P]revailing plaintiffs and defendants in the copyright context "are to be treated alike," and "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023, 1034 (1994) (determining the defendant is to be awarded fees without a showing that the plaintiff's action was frivolous, unreasonable or without foundation in comparison to the attorney fee provision of Title VII of the Civil Rights Act, finding the plaintiff and defendant are not to be treated differently.)

## Discussion

On August 1, 2019, Plaintiff Andrew Colwell voluntarily dismissed all claims in the above entitled copyright action against Defendant 11Creative. 11Creative is the prevailing party in this case and therefore the Court may in its discretion award full costs and award reasonable attorney fees to 11Creative as the prevailing party. 11Creative attaches to this Motion a full record of all of the time spent by attorneys at StudioIP on the defense of 11Creative, attached hereto as Exhibit A. The record is accompanied by an affidavit and declaration of the attorneys Jessie Pellant and

Matthew Williamson verifying the time spent, reasonableness of the time and hourly rates that were charged to 11Creative for the services provided, attached hereto as Exhibit B. Stephen Horace, a seasoned litigator of 30 years also submits a declaration in support of this motion to verify the reasonableness of the fees and the hourly rate charged by StudioIP to evidence the hourly rates charged are below market rates in Denver for intellectual property attorneys, attached hereto as Exhibit C.  As the affidavits support, the hourly rate charged was at a reduced rate to accommodate the startup nature of 11Creative and there was a lot of time that was expended on behalf of 11Creative at zero cost to them also in an effort to accommodate their budget. StudioIP maintains that the fees and costs expended in this matter are reasonable, necessary and substantiated due to the legal status of 11Creative as the prevailing party.  While there is no need to further discuss the merits of the case or the behavior of those involved, the Defendant would be remised if the facts further justifying an award of attorney fees were not raised.

Bringing this lawsuit against the Defendant 11Creative was careless, both on the part of the Plaintiff himself (who simply did not remember the facts surrounding the event whatsoever) and his counsel.  See highlighted excerpts of Andrew Colwell's deposition, attached hereto as Exhibit D.  Counsel for the Plaintiff has a duty to properly investigate the merits of the claims asserted.  Plaintiff's counsel, Mr. Liebowitz, is a "known copyright 'troll'," frequently the subject of sanctions for failing to comply with court orders and both federal and local rules of civil procedure, as well as for attempts to increase costs and to extort unreasonable settlements.  See *Pereira v.*

*3072541 Can. Inc.*, No. 17-CV-6945 (RA), 2018 U.S. Dist. LEXIS 195406, at *7 (S.D.N.Y. Nov. 15, 2018) (citing *McDermott v. Monday Monday, LLC*, No. 17cv9230(DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); see also *Rice v. NBC Universal Media LLC*, No. 19-CV-447 (JMF), 2019 U.S. Dist. LEXIS 114690, at *1 (S.D.N.Y. July 10, 2019); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at *3 (S.D.N.Y. March 15, 2018); *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 2019 U.S. Dist. LEXIS 53973, 2019 WL 1432929, at *10 (S.D.N.Y. Mar. 29, 2019).

During his deposition Plaintiff simply stated he "could not remember" any details related to the event he photographed in 2017 giving rise to the photographs at issue in this case. See Exhibit D. When asked if he signed an agreement or made an oral contract, was showed various places in which to photograph the event, what access he was granted, or what people he spoke with at the event, he verified his signature and stated it is likely or possible he had conversations related to the photos but that he just could not remember. *Id* at p.29. He had no idea the name of the person he filed suit against and could not "remember" his name or likeness from the Denver Mini Derby in 2017. *Id* at 26. This type of irresponsibility should be noted by the Court as it is an unnecessary waste of judicial resources. On numerous occasions 11Creative noted to counsel that if only the Plaintiff had reached out to him with even a phone call, let alone a cease and desist letter, the matter could have easily been resolved.

It is a dangerous proposition to allow someone to bestow rights upon others,

only to "forget" that they bestowed those rights and pursue action against those very same people without any basis simply because they cannot "remember" the circumstances.  That is why mediation, negotiation, and the practice of cease and desist letters exist.  That is all part of an attorney's Fed. R. Civ. P. 11 obligation to mitigate any possible costs and damages to all the parties involved while understanding and unearthing the facts of the matter at hand to ensure the court is not overseeing frivolous litigation.  After the case was filed, Mr. Culligan reached out to the Plaintiff, only to be stonewalled and disregarded.  Mr. Culligan relayed his position and evidence to opposing counsel when he reached out to him concerning the case, which offered no change in the position of the Plaintiff.

The settlement offers provided to 11Creative were exorbitant compared to the overall possible award (of actual damages) on the table in this case.  Plaintiff's counsel attempted to use litigation "scare tactics' to inflate costs and force an unreasonable settlement, including noticing (without consulting Defendant's counsel in violation of D.C.Colo.LCivR 30.1) eight (8) separate full-day depositions of 11Creative's witnesses in his New York office, when this Court and all parties and witnesses reside in Colorado.

It is undisputed that the photographs at issue were first published May 6, 2017 and the copyright was registered May 10, 2018. 17 U.S.C. § 412 requires that a copyright be registered within 3 months of the date of the first publication in order to be availed of statutory damages.  Therefore, statutory damages are not available in this case, and the Plaintiff on the best day in court could only hope to recoup actual

damages even if infringement had occurred.  The evidence of licensing fees that was within the Plaintiff's knowledge and control throughout the entire case, evidences that the Plaintiff was paid $261 dollars by the Denver Post for use of its photos.  Other evidence, again within the entire control of the Plaintiff, also evidences a contemplated offer of a perpetual license for $250.  Conversely, 11Creative provided evidence that the complimentary access given to the Plaintiff was valued around that same amount as the Plaintiff's licensing fees.  Therefore, any offers to settle for tens of thousands of dollars were not in good faith given the circumstances of the case.

At the outset of the case in its initial disclosures 11Creative provided the Plaintiff with eight (8) witness affidavits testifying to the agreement between the 11Creative and the Plaintiff.  As the depositions approached and 11Creative understood the case was not going to settle and further discovery was necessary to try and obtain the written document that Mr. Culligan truly believed existed, Mr. Culligan had his parents back in Tennessee start to look through all boxes of documents from old events held in previous years and a written contract was found that existed between 11Creative and Plaintiff.  The moment counsel for 11Creative became aware of the possible existence of the document counsel for the Plaintiff was notified.  While 11Creative was unable to produce said document in the early days of litigation due to a lack of electronic record keeping, Plaintiff's counsel was made aware of its existence during the above-mentioned phone conversation with Mr. Culligan directly following the filing of the Complaint.  Mr. Culligan reiterated the fact that he explicitly told Mr. Liebowitz about the document during his deposition "I told

you in December when you and I talked on the phone that it existed" and "…for the record, I told you it existed over and over and over. You knew it existed." See highlighted excerpts of Patrick Culligan's deposition attached hereto as Exhibit E.

Throughout this litigation 11Creative was transparent and produced all requested and relevant evidence as soon as it was due and/or available to produce. After several months of manually searching for the signed document, the document was found and FedExed overnight, at great expense, to 11Creative, who immediately produced the document to Plaintiff, before the discovery deadline. Conversely, the Plaintiff had been served discovery on April 5, 2019, requested extensions and then continued not to produce anything relevant until July 24, 2019, a mere few days prior to the July 29, 2019 depositions. Both the documents provided and Plaintiff's own testimony at deposition contradicted Plaintiff's responses to Admissions, Interrogatories and Requests for Production which had all previously been served and responded to, again with extensions provided. All of this is simply to evidence and support that at several turns, the Plaintiff could have paid attention to the facts of the case and discussed the facts with the Defendant in an effort to resolve this matter in an expedient and efficient manner.

## **Conclusion**

The District Court has discretion to award attorneys' fees and costs to the prevailing party under § 505 of the Copyright Act. Defendants should not shy away from properly defending themselves, yet many do. It is counsel's hope that the Court continue to support those defendants who are forced to defend meritless claims by

providing legal precedent to support the finding of attorneys' fees to those Defendants deemed the prevailing parties under 17 U.S.C. § 505. Therefore, Defendant Eleven Creative Services, LLC's requests all of its attorney fees and costs expended during its defense in this Motion for Award of Attorney Fees and Costs.

    DATED in Denver, Colorado this 12th day of August, 2019.

                                                s/ Jessie Laura Pellant
                                                ***Jessie Laura Pellant***
                                                ***Matthew Charles Williamson***
                                                StudioIP Law
                                                600 Seventeenth Street, Suite 2800
                                                Denver, CO 80202
                                                Telephone: (720) 443-1773
                                                E-mail: jpellant@studioiplaw.com
                                                           mwilliamson@studioiplaw.com
                                                Attorneys for Defendant Eleven Creative Services, LLC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2019, I electronically filed the foregoing MOTION FOR AWARD OF ATTORNEY FEES AND COSTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys for all parties.

    s/ Jessie Laura Pellant
*Jessie Laura Pellant*
*Matthew Charles Williamson*
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
    mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative Services, LLC.