**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ANDREW COLWELL, | |
| Plaintiff, | C.A. No. 1:18-cv-2784-CMA-STV |
| v. | |
| ELEVEN CREATIVE SERVICES, INC., | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C §505**

Plaintiff Andrew Colwell ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Eleven Creative Services, LLC ("Defendant")'s application for attorneys' fees and costs pursuant to 17 U.S.C. § 505 [Dkt. # 32 (the "Motion")].

## PRELIMINARY STATEMENT

Defendant's Motion should be denied in full. Defendant was asked to produce documentary evidence of a license at the outset of the case but failed to do so. Had Defendant timely produced such evidence, the case could have been dismissed without incurring any defense costs.

Instead, Defendant drove the case forward, seeking to rack up its legal fees through needless discovery. Indeed, more than seven months passed from the time Defendant filed its answer to the complaint on December 24, 2018 until the date that Defendant produced documentary evidence to support its license defense on July 29, 2019. Now, Defendant seeks a windfall in attorneys' fees. Defendant should not be entitled to benefit from its own lack of due due diligence (or malfeasance). Given that Defendant knew of its defense as early as December 2018, there is no valid excuse for why it waited seven more months to produce key documentary evidence. Accordingly, its request for fees and costs should be denied in its entirety.

## BACKGROUND

On October 20, 2018, Plaintiff, a professional photographer, filed a two-count action against Defendant for copyright infringement and unlawful removal of Plaintiff's copyright management information involving photographs of the 2018 Denver Mini Derby. [Dkt. #1]

On December 24, 2018, Defendant filed an answer to the complaint. [Dkt #11]. Defendant did not set forth any formal affirmative defenses, but claimed that use of the Photographs were

subject to a license agreement stemming from the event access granted to Plaintiff at the time he entered the derby festival.

On March 4, 2019, Defendant filed an Amended Answer, asserting license as the third affirmative defense. [Dkt. #24, ¶ 28]

On March 13, 2019, Plaintiff served his first set of requests for production of documents ("RFP").[1] In those requests, Plaintiff asked Defendant to produce the following documents:

• "All records, documents and communications concerning defendant's efforts to license the Photographs." [RFP ¶ 11]

• "All records, documents and communications between defendant and plaintiff prior to the filing of the Action" [RFP ¶ 26]

• "All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in his answer to the Complaint." [RFP ¶ 29]

In response to the RFP, Defendant did not produce any documentary evidence of a license. Instead, it waited until the day of depositions (July 29, 2019) before disclosing the existence of a document entitled "Eleven Creative Services Additional Terms for 2017 Denver Mini Derby." (the "Additional Terms"). In other words, more than seven months passed from the time Defendant filed its initial answer to the time when it actually produced a document evidencing its license defense.

On July 29, 2019, Plaintiff deposed Patrick E. Culligan, Jr., the owner of defendant Eleven Creative Services, LLC.[2] At his deposition, Culligan testified that he personally received the Additional Terms for the first time on July 29, 2019, the morning of his deposition. [Culligan Tr. 19:5-19] He provided the Additional Terms to his lawyers for the first time on the morning of July 29, 2019. [Culligan Tr. 19:14-19] There was no explanation as to why Defendant waited more than seven months to produce documentation in support its defense.

---

[1] Plaintiff's RFP is attached as Exhibit A to the declaration of Richard Liebowitz, filed concurrently herewith.

[2] Excerpts from Culligan's deposition transcript is attached as Exhibit B to the declaration of Richard Liebowitz, filed concurrently herewith.

Once Plaintiff received documentation to support the license defense, Plaintiff promptly indicated that it was willing to dismiss his claims with prejudice. Accordingly, on July 29, 2019, Plaintiff's counsel e-mailed defense counsel[3] stating:

> As per our conversation before and after Lacey Spruce's and Patrick Culligan's deposition today, we are willing to dismiss the claims against Eleven Creative Services with prejudice with both sides to bear their own costs and attorneys fees. Your production of the Eleven Creative Services Additional Terms document that was produced for the first time today was the first time I saw the document and this was asked for at the beginning of the litigation.

On July 30, 2019, at 12:18 a.m., Defendant responded to Plaintiff's e-mail, stating:

> Eleven Creative Services is not willing to stipulate to a dismissal bearing their own costs and attorney fees. Under Sec. 505 my client is the prevailing party in this case and will not stipulate to eliminating its ability recoup attorney fees. **We are in agreement Mr. Colwell's case against 11Creative should be dismissed at this point based on the facts presented today, . . .** You never specifically requested the document that was timely produced within discovery today at any point litigation . . . My client obtained the document today . . . (emphasis added)

By stating that the action should be dismissed based on the evidence produced by Defendant on July 29, defense counsel conceded that it would have been unreasonable for Plaintiff to dismiss the case at any point prior thereto.

On August 1, 2019, Plaintiff voluntarily dismissed his claims on the basis of the documentary evidence produced for the first time on July 29. [Dkt. # 30]

## **LEGAL STANDARD**

Section 505 of the Copyright Act states that:

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party I as part of the costs.

17 U.S.C. § 505.

---

[3] The e-mail between counsel is attached as Exhibit C to the declaration of Richard Liebowitz, filed concurrently herewith.

As the plain text of the statute makes clear, "[a]n award of attorney's fees and costs is not automatic but rather lies within the sole and rather broad discretion of the Court." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351,357 (S.D.N.Y. 2006) *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (citing *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995)). The touchstone consideration in the awarding of fees or costs under § 505 is whether doing so furthers the purposes of the Copyright Act. *See Matthew Bender & Co. v. W Pub. Co.*, 240 F.3d 116, 124-25 (2d Cir. 2001) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,535 n.19 (1994)); *see also* Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[D][2] ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act . . .")

In *Fogerty*, the Supreme Court cautioned that "[t]here is no precise rule or formula for making [attorneys' fees] determinations," but nonetheless identified "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" as relevant factors. *Fogerty*, 510 U.S. at 534 n.19; s*ee also Matthew Bender & Co.*, 240 F.3d at 21 (applying the *Fogerty* factors).

**ARGUMENT**

**POINT I:** **DEFENDANT SHOULD BE PRECLUDED FROM RECOVERING ANY FEES INCURRED PAST DECEMBER 24, 2018**

Defendant should not be able to recover any attorneys' fees beyond the date of December 24, 2018, when it filed its initial answer to the Complaint. At that time, Defendant knew or should have known that the Additional Terms existed. Yet, it failed to produce such documentation and instead racked up $26,448.25 in attorneys' fees.

According to defense counsel's invoices, all of the fees on submission were accrued from

January 24, 2019 through August 11, 2019. [Dkt. 32-1]. None of these fees should be recoverable given that it was Defendant's own fault for failing to disclose the exculpatory evidence until more than seven months after the filing of the initial answer. For that reason alone, Defendant's request for fees should be denied in its entirety as it failed to produce any evidence of attorneys' fees incurred before December 24, 2018.

**POINT II: PLAINTIFF'S CLAIMS ARE OBJECTIVELY REASONABLE**

"[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001). The "emphasis on objective reasonableness is firmly rooted in *Fogerty's* admonition that any factor a court considers in deciding whether to award attorneys' fees must be 'faithful to the purposes of the Copyright Act.'" *Matthew Bender & Co.*, 240 F.3d at 122 (citing *Fogerty*, 510 U.S. at 534 n.19). As such, awards of attorneys' fees under § 505 are not justified where a litigant's copyright claims are deemed objectively reasonable. *Id.* (reversing award of attorneys' fees on grounds that the legal position asserted was objectively reasonable).[4]

Claims are objectively unreasonable when they "have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001); *see also Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008) ("the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable") (quoting *Penguin Books US.A. Inc. v. New*

---

[4] *See also Harris Custom Builders Inc. v. Hoffmeyer*, 140 F.3d 728, 730-31 (7th Cir. 1998) (vacating award of fees because, inter alia, losing party's claims were objectively reasonable); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 74 (1st Cir. 1998) (affirming denial of fees because copyright holder's "claims were neither frivolous nor objectively unreasonable); *EMI Catalogue P'ship v. CBS/Fox Co.*, 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (holding that copyright owner's claim was "not so objectively unreasonable as to justify" an award).

*Christian Church of Full Endeavor, Ltd.*, 96-cv-4126 (RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004)).[5] The "mere fact that a [party] has prevailed does not necessarily equate with an objectively unreasonable claim." *Berry v. Deutsche Bank Trust Co. Am.*, 632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) (citation, quotation marks, and ellipsis omitted).

Here, Plaintiff advanced objectively reasonable claims under the Copyright Act and DMCA because his claims both had factual and legal support at the time they were filed. Even though it turns out that Defendant had a license to re-publish the images, such license was not disclosed until July 29, 2019. And as Defendant concedes, Plaintiff was not aware of the Additional Terms until such date as they were actually produced.

Further, there is no evidence that Plaintiff understood that the Additional Terms constituted a license in favor of Defendant with respect to the Photographs at issue. Plaintiff needed attorneys to make that assessment. Once Plaintiff's counsel had the opportunity to review the Additional Terms as produced by Defendant on July 29, 2019, Plaintiff promptly dismissed his claims. But that doesn't mean they were objectively unreasonable at the time they were filed.

**POINT III:   PLAINTIFF'S LAWSUIT WAS PROPERLY MOTIVATED**

Plaintiffs' motivation for filing suit is also a factor the Court may consider under *Fogerty*, 510 U.S. at 534 n.19. A party is improperly motivated where it asserts claims "not because of [their] inherent merit," but rather because it seeks to "knowingly gamble[] on an unreasonable legal theory in order to achieve a secondary gain - in this case, the leveraging of a settlement . . ." *Torah Safi Ltd. v. Drosnin*, 00-cv-5650, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001).

Plaintiff's claims were properly motivated because this lawsuit seeks to vindicate the public

---

[5] Similarly, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,325 (1989); see *also Hallfordv. Fox Entm't Grp., Inc.*, 12-cv-1806 (WHP), 2013 WL 2124524, at *1 (S.D.N.Y. Apr. 18, 2013) (an argument "is frivolous when there is indisputably absent any factual or legal basis" for it); *Matthew Bender & Co.*, 240 ("an objectively unreasonable argument is not necessarily frivolous or made in bad faith." ).

interest by ensuring that the rights of individual photographers are protected against the corporate entities which seek to exploit their property without authorization. Further, Plaintiff was not gambling on an unreasonable theory to achieve a secondary gain (i.e. settlement). Rather, Plaintiff was fully prepared to bring this case to trial on the merits in an effort to vindicate the public interest and deter future infringement.

Defendant claims that fee-shifting is warranted for purposes of deterrence. But its deterrence analysis rests solely on the alleged conduct of Plaintiff's counsel in other unrelated cases which have no bearing on the merits of this action. Defendant has failed to explain how an award of fees would deter Plaintiff in this particular case, or other copyright holders who are similarly situated.

Defendant's *ad hominen* attacks against Plaintiffs' law firm should have no bearing on the application for attorneys' fees in the present lawsuit. "The Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D. Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

Defendant intends to use Liebowitz Law Firm's consistent enforcement of the Nation's copyright laws against Plaintiffs in this action by labeling Liebowitz with the pejorative stereotype of "copyright troll." But such a label is belied by the Liebowitz Law Firm's success on the merits of cases it files. Indeed, the Liebowitz Law Firm has obtained summary judgment rulings in favor of Liebowitz's clients in *Masi v. Moguldom Media LLC*, 1:18-cv-02402 (PAC) (S.D.N.Y. July 22, 2019, Dkt. #47) (granting summary judgment on the issue of liability for copyright infringement); *Sands v. CBS Interactive, Inc.*, 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (same); *Otto v. Hearst Communications, Inc.*, 2018 WL 6510801 (S.D.N.Y. December 10, 2018)

(same); *Goodman v. Universal Beauty Prod. Inc.*, No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) (same); *Chicoineau v. Bonnier Corp.*, No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (same). Liebowitz Law Firm has also obtained a judgment of willful infringement and violation of section 1202(b) at a bench trial. *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial).[6]

## POINT IV: AN AWARD OF ATTORNEYS' FEES WILL **NOT** PROMOTE THE PURPOSE OF THE COPYRIGHT ACT

"It generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008). Here, an award of fees to Defendant will frustrate the purposes of the Copyright Act by encouraging the unauthorized use of content by largescale publishers who fail to conduct any due diligence regarding the identity of the proper rights holders and by thereby reducing the quantity and variety of works introduced to market. Further, fee-shifting is not warranted to compensate defendant or deter suits brought by individual photographers or videographers.

"The primary objective of copyright is not to reward the labor of authors, but "[t]o promote the Progress of Science and useful Arts.'' *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 349-350, 11 S.Ct. 1282, 1290, 113 L.Ed. 2d 328 (1991); see also *Davis v. Blige*, 505 F.3d 90, 105 (2d Cir. 2007) ("The core purpose of the copyright law is 'to secure a fair return for an

---

[6] Liebowitz has also helped develop key judicial precedent in U.S. copyright law through defeating motions to dismiss on Rule 12(b)(6). *See, e.g.*, *Myeress v. BuzzFeed Inc.,* No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) (denying motion to dismiss based on Safe Harbor defense under DMCA); *Hirsch v. Complex Media, Inc.*, No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) (denying motion to dismiss based on defenses of fair use and de minimis copying); *Hirsch v. CBS Broad. Inc.*, No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss infringement claim and DMCA claim under section 1202(b) on grounds of de minimis copying and fair use); *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659 (S.D.N.Y. 2017) (denying motion to dismiss DMCA claim for removal of copyright management information); *Shirman v. Whec-TV*, LLC, No. 18-CV-6508-FPG, 2019 WL 2163045, at *6 (W.D.N.Y. May 17, 2019) (denying rule 12 motion based on fair use); see also *Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515 (S.D.N.Y. 2018) (dismissing fair use defense on summary judgment with respect to seven photographs).

author's creative labor' and thereby 'to stimulate artistic creativity for the general public good.'") (citations omitted); *Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142, 147 (2d Cir. 1984) ("The principle purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them.").

There is no need for the Court to deter Plaintiff, or other individual photographers, who have promoted an objectively reasonable legal theory. *See Ariel(UK) Ltd. v. Reuters Grp. PLC*, 05-cv-9646 (JFK), 2007 WL 194683, at *5 (S.D.N.Y. Jan. 24, 2007) ("The Court recognizes that Defendants incurred considerable expense in defending the copyright claims. Nevertheless, an award of fees and costs would tend to prohibit potential future claimants from litigating questions of fact and law that are not objectively unreasonable and therefore would be contrary to the policies that underlie the Copyright Act."); *see also Psihoyos v. John Wiley & Sons, Inc.*, 11-cv-1416 (JPO), 2013 WL 1285153, at *5 (S.D.N.Y. Mar. 29, 2013) *reconsideration denied*, 11-cv-1416 (JPO), 2013 WL 4441475 (S.D.N.Y. Aug. 20, 2013) (declining motion for fees because there was no "need to further deter Defendant's behavior" and concluding "for the same reasons noted above with respect to objective unreasonableness . . . that the compensation and deterrence purposes underlying the Copyright Act are adequately served by the jury's award").

In sum, because the goals of the Copyright Act would not be further served by awarding Defendant attorneys' fees and costs, the motion should be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied in full.

Dated: August 26, 2019
Valley Stream, New York

Respectfully Submitted:

/richardliebowitz/
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
rl@liebowitzlawfirm.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 26, 2019.

/s/richardliebowitz
Richard Liebowitz