IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-2784-CMA-STV

ANDREW COLWELL,

    Plaintiff,

v.

ELEVEN CREATIVE SERVICES LLC,

    Defendant.

---

ELEVEN CREATIVE SERVICES LLC'S REPLY IN SUPPORT OF ITS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

---

Defendant Eleven Creative Services, LLC ("11Creative") by and through its undersigned counsel, hereby submits this Reply in Support of its' Motion for Award of Attorneys' Fees and Costs pursuant to Fed. R. Civ. P. 54(d)(2), D.C.Colo.LCivR 54.3, and 17 U.S.C. § 505.

"[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. … [A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 114 S. Ct. 1023 (1994). "The limited scope of the copyright holder's statutory monopoly . . . reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private

motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts. The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good." *Id. citing Twentieth Century Music Corp.* v. *Aiken*, 422 U.S. 151, 156 (1975) (footnotes omitted). In this case, a fair return was received by Mr. Colwell for his creative labor. Mr. Colwell received payment for a license by the Denver Post, payment via in-kind exchange by 11Creative exceeding the value of a perpetual license, as well as exposure as a photographer of a popular, widely publicized Denver event. See highlighted excerpts of Andrew Colwell's deposition, attached hereto as Exhibit A. "The primary objective of copyright is not to reward the labor of authors, but 'to promote the Progress expression, but encourages others to build freely upon the ideas and information conveyed by a work.' " (Citations omitted.) "To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." (Citations omitted.) *Fogerty citing Feist Publications, Inc.* v. *Rural Telephone Service Co.*, 499 U.S. 340, 349-350 (1991).

In this case, Defendant 11Creative was in its infancy when Mr. Colwell was allowed entrance into the Denver Mini Derby to photograph the event. The event was gaining exposure, and 11Creative was creating its procedures and trying to protect the unique social experience it had created. Mr. Colwell agreed upon his entry to sign a license in exchange for access to the costly private event and completely understood that he was given an opportunity to photograph a successful social event, and gain

exposure and license fees with the Denver Post.  11Creative was willing to allow media access so long as they could control the use of the photographs of their event, and further utilize them for promotion of the social experience they created.  It is absolutely contrary to the promotion and progress of expression and creative labor if an artist who willingly grants a license to their creative labor can at any time claim to "forget" such a license exists and turn on the very clients in want or need of the creative labor.  Utilizing bullying tactics and the court system to manipulate the individual and business clients of the creative labor would only work to chill the promotion and progress of expression and creative labor.  That is completely contrary to the intent of copyright law.  It is in line then with the intent and purpose of copyright law to curb private motivation in this case and award 11Creative as a Defendant with a meritorious copyright defense and encourage the authorized use of creative labor.

At the time this case was filed, Mr. Colwell owed a duty to 11Creative, a legal duty to perform due diligence to ensure a legal basis for a lawsuit against 11Creative existed.  Any argument to the contrary, putting an onerous on the Defendant to defend the claims asserted against him faster, is absurd.  Further, use of the Defendant counsel's remarks in a 408 discussion between attorneys as evidence to a Response is not acceptable.  Counsel was not testifying as to the opinion of when the case should have been dismissed, this was merely confidential communications regarding settlement and dismissal of the case now that the Plaintiff's counsel was entertaining

the idea[1].

During his deposition Plaintiff simply stated he "could not remember" any details related to the event he photographed in 2017 giving rise to the photographs at issue in this case. See Exhibit D to Defendant's Motion for Award of Attorneys' Fees and Costs [DKT. 32-4]. When asked if he signed an agreement or made an oral contract, was showed various places in which to photograph the event, what access he was granted, or what people he spoke with at the event, he verified his signature and stated it is likely or possible he had conversations related to the photos but that he just could not remember. *Id* at p.29. He had no idea the name of the person he filed suit against and could not "remember" his name or likeness from the Denver Mini Derby in 2017. *Id* at 26. This type of irresponsibility should be noted by the Court as it is an unnecessary waste of judicial resources. On numerous occasions 11Creative noted to counsel that if only the Plaintiff had reached out to him with even a phone call, let alone a cease and desist letter, the matter could have easily been resolved.

The District Court has discretion to award attorneys' fees and costs to the prevailing party under § 505 of the Copyright Act. It is counsel's hope that the Court continue to support those defendants who are forced to defend meritless claims by providing legal precedent to support the finding of attorneys' fees to those Defendants deemed the prevailing parties under 17 U.S.C. § 505. Therefore,

---

[1] It should be noted that Plaintiff's counsel also did not redact the communications concerning confidential settlement discussions regarding another ongoing litigation involving another client. Counsel is making short shrift of this as not to detract from the actual issue here of attorney fees as awarded under 17 U.S.C. 505.

Defendant Eleven Creative Services, LLC's requests all of its attorney fees and costs expended during its defense of this case and in this Motion for Award of Attorney Fees and Costs.

DATED in Denver, Colorado this 6th day of September, 2019.

s/ Jessie Laura Pellant
*Jessie Laura Pellant*
*Matthew Charles Williamson*
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative Services, LLC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of September 2019, I electronically filed the foregoing REPLY IN SUPPORT OF ITS' MOTION FOR AWARD OF ATTORNEY FEES AND COSTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys for all parties.

s/ Matthew Charles Williamson
*Jessie Laura Pellant*
*Matthew Charles Williamson*
StudioIP Law
600 Seventeenth Street, Suite 2800
Denver, CO 80202
Telephone: (720) 443-1773
E-mail: jpellant@studioiplaw.com
         mwilliamson@studioiplaw.com
Attorneys for Defendant Eleven Creative Services, LLC.