# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-02784-CMA-STV

ANDREW COLWELL,

    Plaintiff,

v.

ELEVEN CREATIVE SERVICES,

    Defendant.

---

## ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS
_____

This matter is before the Court on Defendant Eleven Creative Services' Motion for Award of Attorney's Fees and Costs. (Doc. # 32.) Based on the following reasons, the Court denies the Motion.

## I.     BACKGROUND

This copyright infringement case arises from a dispute regarding Defendant's allegedly unauthorized publication of two of Plaintiff's photographs. (Doc. # 1, ¶ 1.) Plaintiff is a professional photographer who licenses his photographs to online and print media. (*Id.* at 2, ¶ 5.) In 2017, Plaintiff photographed the Denver Mini Derby and licensed the photographs to The Know, which published the photographs in a May 6, 2017 article. (*Id.* at 2, ¶¶ 7-8.) On or about May 2018, Defendant published those same photographs on its website, allegedly without licensing the photographs from Plaintiff.

(*Id.* at 3, ¶¶ 11-12.) On May 10, 2018, Plaintiff registered the photographs with the United States Copyright Office. (*Id.* at 3, ¶ 10.)

On October 30, 2018, Plaintiff filed a complaint against Defendant for copyright infringement under section 501 of the Copyright Act. (*Id.* at 1, ¶ 1.) On March 4, 2019, Defendant filed an amended answer and counterclaim (Doc. # 24) in which Defendant alleged that Plaintiff filed a frivolous lawsuit and made false representations because Plaintiff agreed to give Defendant ownership rights to the photographs in exchange for access to the event. Plaintiff served requests for production on March 13, 2019, in which Plaintiff asked for any "documents and communications concerning [D]efendant's efforts to license the Photographs" and all "documents and communications which may be used to prove the elements of any affirmative defense asserted by [D]efendant in [its] answer to the Complaint." (Doc. # 34.)

On July 29, 2019, Defendant produced a document titled "Eleven Creative Services Additional Terms for 2017 Denver Mini Derby," which was cited as support for Defendant's license defense. (Doc. # 33 at 3) (original quotations omitted). Based on the evidence Defendant presented on July 29, 2019, Plaintiff dismissed his claims against Defendant on August 1, 2019. (Doc. # 30.)

On August 12, 2019, Defendant filed the instant Motion for Attorney's Fees and Costs asserting Plaintiff was "careless" for not remembering the facts surrounding the case and was wrong to continue pursuing the lawsuit after Defendant told Plaintiff that a license existed. (Doc. # 32 at 4, 7.) Plaintiff opposed Defendant's Motion by alleging that Defendant failed to provide evidence of a license in a timely manner. (Doc. # 33 at 2.)

Had Defendant provided that evidence sooner, Plaintiff indicates that he would have dismissed the claim sooner. (Doc. # 33 at 4.) Defendant replied asserting that asking Defendant to defend itself quicker is "absurd" because Plaintiff should have known of the existence of a license after Plaintiff signed a license in exchange for entry to the event. (Doc. # 35 at 2-3.)

## II. ANALYSIS

### A. LEGAL STANDARD

The Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States." 17 U.S.C. § 505. "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* A motion for attorney's fees must be "filed no later than 14 days after the entry of judgment; specify the judgment and the statute, rule, or other grounds entitling the movant to the award; state the amount sought or provide a fair estimate of it; and disclose . . . the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

### B. APPLICATION

"It is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Defendants and plaintiffs are to be treated the same when prevailing in a copyright action under § 505, and attorney's fees are to be awarded only as a matter of the court's discretion. *Id.* at 534. The factors to be taken into consideration when exercising discretion in this matter, although not exclusive, are: "frivolousness,

motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3rd Cir. 1986). The Court will consider each factor in turn.

    1.    <u>Frivolousness</u>

"[A] frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless." *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2017 U.S. Dist. LEXIS 222099, at *20 (C.D. Cal. Dec. 5, 2017). A lawsuit is not frivolous if the plaintiff's legal and factual positions are tenable and the lawsuit is a legitimate copyright case (albeit unsuccessful). *Wood v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 49885, at *10 (N.D. Okla. July 10, 2007). For example, in *Wood*, the court found in favor of the defendant on all the copyright infringement claims, but the court did not award attorney's fees because the plaintiff's claims were legitimate, and the plaintiff's lack of credibility did not warrant a conclusion that the claims were frivolous. *Id.* at *10-14.

In the instant case, Plaintiff is a photographer who brought an action for copyright infringement based on the belief that Defendant reproduced and publicly displayed Plaintiff's photographs without authorization. The assertions Plaintiff made were not "clearly baseless" because Plaintiff had a legitimate belief that Defendant was violating section 501 of the Copyright Act when it published Plaintiff's photographs. The court in *Wood* found that a lack of a plaintiff's credibility does not necessarily constitute frivolousness. Similarly, the instant case was not frivolous notwithstanding Defendant's

4

assertion that Plaintiff was "careless" in bringing this action and that his claims were not legitimate. For those reasons, the first *Fogerty* factor weighs in favor of denying attorney's fees.

    2.    <u>Motivation</u>

"The existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 U.S. Dist. LEXIS 127213, at *20 (D. Haw. Sept. 23, 2015). "A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Id.* at *20-21(citing *Hall v. Cole*, 412 U.S. 1, 15 (1973)). A plaintiff is properly motivated if the plaintiff is defending his or her rights to certain materials. *Wood*, 2007 U.S. Dist. LEXIS 49885 at *11. For example, in *Wood*, the plaintiff did not sue the defendant in bad faith because the plaintiff created the computer programs at issue and was seeking only to defend his rights to the material. *Id.*

In *Frost Tsuji*, on the other hand, the court found that a party did have improper motives. There, the plaintiff was an architect that the defendants hired to build a restaurant, but the defendants terminated the plaintiff's employment. 2015 U.S. Dist. LEXIS 127213 at *2. The plaintiff sued for copyright infringement when the defendants allegedly continued to use the plaintiff's drawings and other documents. *Id.* at *2-3. The defendants in *Frost-Tsuji* prevailed and were awarded attorney's fees based on the

5

court's conclusion that the plaintiff filed the claims and pursued the action in bad faith because his goal was to obstruct the defendants' construction project. *See id.* at *21.[1]

By contrast, there is no evidence that Plaintiff acted in bad faith by initiating this case. Plaintiff created the photographs at issue—like the plaintiff in *Wood* who created the computer programs—and Plaintiff was seeking only to defend his rights to those photographs. Defendant argues that Plaintiff acted in bath faith when Plaintiff's counsel used "litigation scare tactics"—such as noticing eight depositions of Defendant's witnesses in his New York office when all parties and witnesses resided in Colorado—to force an unreasonable settlement and inflate costs. (Doc. # 32 at 6) (original quotations omitted). Defendant also argues "any offers to settle for tens of thousands of dollars were not in good faith" because Plaintiff could only recover actual damages and not statutory damages. However, the Court is not persuaded that such conduct is evidence that Plaintiff pursued this case in bad faith.

Moreover, Plaintiff accurately points out that Defendant failed to produce timely documentary evidence of the relevant license, which raises the question of whether Defendant intended to "rack up its legal fees through needless discovery." (Doc. # 33 at 2). Therefore, because there is no evidence that Plaintiff initiated the instant case in bad faith, this factor weighs against awarding attorney's fees.

3. <u>Objective Unreasonableness</u>

"Where a party knows from the start their chance of prevailing is slim to none,

---

[1] The court also found that the defendant was entitled to attorney's fees based on the compensation and deterrence factor discussed below.

litigation is unreasonable." *Gold*, 2017 U.S. Dist. LEXIS 222099 at *20 (citing *SOFA Entm't, Inc. v. Dodger Prod, Inc.*, 709 F.3d. 1273, 1280 (9th Cir. 2013)). A claim is not unreasonable just because a plaintiff lost. *Wood*, 2007 U.S. Dist. LEXIS 49885 at 11. Additionally, a claim that is not objectively unreasonable at the beginning of a case "can become [unreasonable] if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none." *Frost-Tsuji*, 2015 U.S. Dist. LEXIS 127213 at *14.

For example, in *Gold*, the court determined that the objective reasonable factor weighed in favor of awarding fees because the plaintiff should have known some of the plaintiff's claims did not have any chance of prevailing. 2017 U.S. Dist. LEXIS 222099 at *25-26. In *Wood*, on the other hand, the court determined that even though the plaintiff did not prevail on his claims, the claims were tenable and non-frivolous, and therefore reasonable. 2007 U.S. Dist. LEXIS 49885 at *10-11. Similarly, in *Frost-Tsuji*, the defendants argued that the plaintiff should have known the chances of prevailing were slim to none, but the court found the plaintiff's claims were not unreasonable because it did not become obvious that the defendant would prevail until the record became more developed through the pretrial process. 2015 U.S. Dist. LEXIS 127213 at *15.

In the instant case, Plaintiff's claims were initially tenable. Additionally, Plaintiff did not become aware that the chances of success for his claims were slim to none until Defendant presented documentary evidence of the license on July 29, 2019. (Doc. # 33 at 4.) Plaintiff voluntarily dismissed all claims against Defendant three days later.

7

Because Plaintiff did not continue to pursue his claims under the circumstances, the instant case is not unreasonable.

    4.    <u>Compensation and Deterrence</u>

This factor supports an award of fees if the losing party should be deterred from asserting the claims (or defenses) that it asserted. *Gold*, 2017 U.S. Dist. LEXIS 222099 at *26 (citing *Epikhin v. Game Insight N. Am.*, 2016 U.S. Dist. LEXIS 44170, at *8 (N.D. Cal. Mar. 31, 2016)). If there is no evidence of frivolousness, bad faith, or objective unreasonableness, a fee award has no deterrent value. *Epikhin*, 2016 U.S. Dist. LEXIS 44170, at *28. In other words, if a plaintiff is justified in filing the lawsuit, deterrence is not warranted. *Wood*, 2007 U.S. Dist. LEXIS 49885 at *12.

In *Epikhin*, the court did not want plaintiffs with meritorious claims to be deterred from filing due to fear of the possibility they may pay large sums of attorney's fees to the opposing party. 2016 U.S. Dist. LEXIS 44170 at *25. Additionally, the defendant in *Wood* was not awarded attorney's fees because it had enough motivation, based on the benefit it received from the use of the program at issue, to defend against the plaintiff's claims. 2007 U.S. Dist. LEXIS 49885 at *13.

In the instant case, the claims Plaintiff made were not frivolous or objectively unreasonable, and a determination of bad faith is not warranted. Therefore, awarding attorney's fees would not be appropriate because there is nothing for the Court to deter. Additionally, Defendant spent more time than necessary to complete certain tasks. Specifically, it took Defendant seven months to actually produce the relevant license. Therefore, Defendant incurred legal fees due to its own discovery tactics. Defendant

unreasonably waited until the last day of discovery to present evidence when Defendant made clear it knew about the evidentiary document at the start of litigation. *See* (Doc. # 32 at 7). Additionally, in the instant case, like in *Wood*, Defendant had a legitimate motivation to defend against Plaintiff's claims because it benefits from the use of the photos at issue. Therefore, the compensation and deterrence factor weighs in favor of denying attorney's fees.

     5.     <u>Faithfulness to the Purposes of the Copyright Act</u>

The above factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act[.]" *Fogerty*, 510 U.S. at 534. "[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works," therefore, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that the plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* at 527. "The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2nd Cir. 2001). Just as an objectively reasonable copyright infringement claim advances the purpose of the Copyright Act, a claim that is made in good faith similarly advances the purpose of the Act. *See id.* at 127.

The Court finds that Plaintiff's claim, although mistaken, was made in good faith. Within three days of being provided with the document titled "Eleven Creative Services Additional Terms for 2017 Denver Mini Derby," Plaintiff dismissed his claims against

Defendant. (Doc. # 30.) Awarding attorney's fees to Defendant under these circumstances would not serve the purpose of the Act.

### III.   CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant's Motion for Award of Attorney's Fees and Costs (Doc. # 32) is DENIED.

DATED: January 25, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge